## Pittsburg Southern Railroad Company, Plff. in Err., *v*. C. M. Reed and Wife, in Right of the Wife.

A witness who is a farmer, who has examined the farm in question within a year, with a view of buying it, and who has a general knowledge of the

NOTE.—As to measure of damages for taking of property in eminent domain proceedings in general, see the following editorial notes presenting the authorities on their respective subjects: Elements of damages, notes to Schuylkill River E. S. R. Co. v. Kersey, 7 L. R. A. 409; Lake Erie & W. R. Co. v. Scott, 8 L. R. A. 330; Gainesville, H. & W. R. Co. v. Hall, 9 L. R. A. 299, and Lawrance v. Metropolitan Elev. R. Co. 13 L. R. A. 102; injury to farm or tract as a whole; tract cut off, notes to Leroy & W. R. Co. v. Ross, 2 L. R. A. 217; and Gainesville, H. & W. R. Co. v. Hall, 9 L. R. A. 298; the value of land taken, notes to Leroy & W. R. Co. v. Ross, 2 L. R. A. 217; San Diego Land & Town Co. v. Neale, 3 L. R. A. 83, and Alloway v. Nashville, 8 L. R. A. 124; market price as element, notes to San Diego Land & Town Co. v. Neale, 3 L. R. A. 83, 11 L. R. A. 604; benefits considered, note to Newman v. Metropolitan E. R. Co. 7 L. R. A. 289; as affected by loss of profits, note to Hamilton v. Pittsburg, B. & L. E. R. Co. 51 L. R. A. 320; value of improvement made by one taking property by eminent domain, as an element of damages, note to Chase v. Jemmett, 16 L. R. A. 805; on condemnation of fee of land over which there is an existing highway, note to *Re* Buffalo, 15 L. R. A. 413; to easements to abutting owner, note to Egerer v. New York C. & H. R. R. Co. 14 L. R. A. 381; pollution of water as an element of damages for taking railroad right of way, note to Rudolph v. Pennsylvania Schuylkill Valley R. Co. 47 L. R. A. 782; for taking of water by right of eminent domain, note to Stearns v. Barre, 58 L. R. A. 240; mitigation of damages in condemnation cases by preserving to the landowner an estate, rights, or easements in respect to the property, note to St. Louis, K. & N. W. R. Co. v. Clark, 26 L. R. A. 751.

value of land in the county, is competent to give his opinion as to the value of the farm and as to the injury inflicted by a railroad running through it.

In proceedings to assess damages to land from the construction of a railroad, the question, "Taking into consideration the advantages and disadvantages of the location and operation of this railroad, were the owners of this land damaged or benefited, and in what way?" is proper to be put to a witness for defendant.

It is not error to permit questions which show feeling on the part of the witness.

Where a question propounded by defendant's points is a question of law which should have been affirmed by the court, it is error in the court to practically deny it by referring it to the jury as a question of fact.

The discontinuance of a railroad station on the land of another person is not a proper element in estimating the damage to plaintiff's land by the location of defendant's road.

In estimating the damage to plaintiff the jury may consider and allow for the value of the land actually taken, and for the injury to the land of plaintiff not taken; the changing of fences rendered necessary; the cutting off of water from plaintiff's fields; the inconvenience of crossing defendant's tracks; the cost of making additional fences and of maintaining the same; the loss to the plaintiff of any portion of the land outside that actually appropriated; and generally all such special items of damages as would tend to depreciate the market value of plaintiff's land at the date of the completion of defendant's railroad through it.

(Argued October 18, 1886.    Decided November 17, 1886.)

October Term, 1886, No. 78, before GORDON, TRUNKEY, STERRETT, and GREEN, JJ.   Error to the Common Pleas of Washington County to review a judgment on a verdict for plaintiff on an issue framed upon an appeal from an award of viewers on petition for the assessment of damages to land from the construction of a railroad.   Reversed.

This was a petition presented by C. M. Reed, Jr., and Ada B., his wife, in right of the wife, for the appointment of viewers to assess damages to their land from the relocation and reconstruction of a railroad.   The road as originally constructed contained a line known as the Brownlee Summit Route on which had been a station called the Brownlee station located on a farm adjoining plaintiff's farm. As reconstructed the road was built through the plaintiff's farm, and this station was abandoned. The viewers made an award in favor of plaintiff from which the defendant appealed, and an issue was framed.

At the trial in the court below, before HART, P. J., the plaintiff proposed to ask the witness, Lesage Crumrine,

"Whether or not, after an examination of this farm made by him with the idea of its purchase, and an examination of the manner in which it was traversed by the railroad, he formed an estimate as to the injury inflicted upon the market value of the tract on account of the construction of the railroad through it. If this is answered in the affirmative, the plaintiff proposes to ask how much, in the judgment of the witness, the market value was affected by such construction, and the grounds of the witness's opinion."

Objected to, for the reason that the witness has stated he lives twenty miles away; that he never visited the land until April, 1885; that he knows nothing about the values of land in the neighborhood of the land in controversy, and that he didn't want any farm that had a railroad located on it, and for the reason that the evidence is incompetent and irrelevant. (After some further examination of witness as to his knowledge of market values, the offer was renewed as before and the same objection was made).

Objection overruled, offer admitted, and exception noted. First assignment of error.

Defendant asked the following question of Robert McCombs, a witness of defendant:

*Q.* Taking into consideration the advantages and disadvantages of the location and operation of this railroad, were the owners of this land damaged or benefited, and in what way?

Objected to as incompetent and irrelevant.

Offer overruled and bill sealed. Second assignment of error.

The court permitted the following question to be asked, upon cross-examination of Joseph Gaston, a witness of defendant:

*Q.* Do you think the plaintiff in this case should be deprived of the cost of the land which the railroad takes?

Objected to, because it is not for the witness to express an opinion as to what the law ought to be.

Objection overruled and bill sealed. Third assignment of error.

The court permitted the following question to be asked, upon cross-examination of F. M. Finley, a witness of defendant:

*Q.* I would ask you whether or not in your opinion, Mrs.

Reed, the owner of this land, should be paid for the land which the railroad takes from her.

Objected to, for the reason that he had alreay stated that the increased value of the land would compensate for these damages.

Objection overruled, and exception noted. Fourth assignment of error.

Defendant presented the following points:

1. The plaintiff is not entitled to damages for any alleged depreciation in the value of her land arising from the abandonment of the Brownlee Summit Route of defendant's railroad, and the consequent discontinuance of Brownlee station with the facilities and advantages which it is alleged to have afforded; and the jury will disregard the opinion, as to depreciation in the plaintiff's farm, of any witness who stated that his estimate was in part based upon such abandonment and discontinuance, without explaining how much of the estimated depreciation arises from such abandonment and discontinuance and how much from the location and construction of the defendant's present line of railroad.

*Ans.* Whether or not the plaintiff is entitled to damages for any alleged depreciation in the value of her land, arising fom the abandonment of the Brownlee Summit Route of defendant's railroad and the consequent discontinuance of Brownlee station, with the facilities and advantages which it is alleged to have afforded is a question of fact for the jury. If you find the fact to be as assumed in the point, you will allow for it in estimating the market value of the land; and you will also determine how far the opinion of a witness based in part upon such abandonment, etc., is affected by the fact so found. Fifth assignment of error.

2. While it is true that, under the law, the advantages to be considered by the jury are only such as are special to the property of the plaintiff, yet it is also true that the advantages accruing to the plaintiff's farm, from proximity of the railroad (such, for example, as the facility of getting produce to market, and bringing coal, lumber, and various natural or manufactured products to the premises), are none the less special because other owners of lands along and in the vicinity of the road also enjoy them.

*Ans.* If the jury find as a fact that there are any such facilities which are special to this property, and not common to other lands in the vicinity (as, for instance, special facilities arising from proximity to the land of a railroad station), then they will take the fact into consideration in estimating the comparative values immediately before and immediately after the location and construction of the railroad. Sixth assignment of error.

Plaintiff, *inter alia,* presented the following point:

2. In estimating the damage done to the plaintiff the jury are to take into consideration and make just allowance for the value of the land actually taken and for injuries done to the land not taken; the changing of fences rendered necessary; the cutting off of water from plaintiff's fields; the inconvenience of crossing the defendant's tracks; the cost of making additional fences and of maintaining the same; the loss to the plaintiff of any portion of the land outside that actually appropriated, etc., and generally all such special items of damage as would tend to depreciate the market value of this property at the date of the completion of defendant's railroad through it.

*Ans.* Affirmed. Seventh assignment of error.

The jury rendered a verdict for plaintiff of $1,288.33, upon which judgment was entered; and defendant took this writ, assigning errors as above noted.

Further facts appear in the opinion.

*A. W. Acheson, M. C. Acheson,* and *James I. Brownson, Jr.,* for plaintiff in error.—The question put to Robert McCombs, as to whether the plaintiff's land was injured or benefited by the railroad, was identical with that which this court in Pennsylvania & N. Y. R. & Canal Co. v. Bunnell, 81 Pa. 414, held to be a proper question, and was, if possible, even more unobjectionable than the similar question approved in Pennsylvania & N. Y. Canal & R. Co. v. Madell, 1 W. N. C. 287.

The refusal of the court to allow it put prevented defendant from giving in evidence the :"elements of computation," which, as held in Danville, H. & W. R. Co. v. Gearhart, 1 W. N. C. 237 and Pennsylvania & N. Y. Canal & R. Co. v. Madell, 1 W. N. C. 287, defendant was entitled to introduce.

The answer to defendant's first point was erroneous. The defendant was entitled to an unqualified affirmance of this point.

A party is entitled to such an answer to a point as is intelligible to a jury of plain men. Mills v. Buchanan, 14 Pa. 59.

The defendant's second point should have been affirmed as it stood. It is substantially in the very language of the charge which, in McTerren v. Mont Alto R. Co. 2 W. N. C. 40, this court affirmed as a proper instruction.

The advantages to be considered by the jury are only such as are special and peculiar to the property in question; but an. advantage which affects the market value of that property is a special and peculiar advantage, notwithstanding the fact that other properties along or near the road may enjoy like advantages in the same or a greater or less degree, the distinction being between the advantages which accrue to the plaintiff as the owner of this property and those which accrue to him as the owner of any other property, or would be enjoyed by him simply as a member of the community if owning no land along or near to the road at all. Philadelphia & R. R. Co. v. Gilson, 8 Watts, 243; Watson v. Pittsburgh & C. R. Co. 37 Pa. 469; Hornstein v. Atlantic & G. W. R. Co. 51 Pa. 87; McTerren v. Mont Alto R. Co. 2 W. N. C. 40; Harrisburg & P. R. Co. v. Moore, 4 W. N. C. 532; Pittsburgh & L. E. R. Co. v. Robinson, 95. Pa. 426.

The plaintiff's second point may be all right as a general, abstract proposition; and we do not claim that, as such, it should have been refused. But as applied to the peculiar circumstances of this case, we claim that it should not have been affirmed without adding an explanation that would have clearly shown the jury what rule of valuation they were to apply. Although a proposition of law be true in the abstract, it ought to be so qualified as to adapt it to the circumstances of the case. Rider v. Maul, 70 Pa. 15; Hughes v. Boyer, 9 Watts, 556.

In a prayer for instructions, any matters of fact should be hypothetically stated. Sweitzer v. Hummel, 3 Serg. & R. 228; Riegel v. Wilson, 60 Pa. 388; Bartley v. Williams, 66 Pa. 329.

*Dougan & Todd,* for defendants in error.—Lesage Crumrine was fully capable of expressing an opinion as to the market value of this property. Pennsylvania & N. Y. R. & Canal Co. v. Bunnell, 81 Pa. 426.

The question put to the witness McCombs is objectionable, because the jury had nothing to do with the effect of the operation

of the road.   New Castle & F. R. Co. v. McChesney, 85 Pa. 522.

Again, it is not the damage or benefit to the owners, but to the land, which was the subject-matter of consideration. Schuylkill Nav. Co. v. Thoburn, 7 Serg. & R. 411.

In Pennsylvania & N. Y. R. & Canal Co. v. Bunnell, 81 Pa. 414, the question was "whether the location and construction of this railroad upon the farm of plaintiff was an advantage or a disadvantage to it, and in what way."

In Pennsylvania & N. Y. Canal & R. Co. v. Madell, 1 W. N. C. 287, the question was: "How is the land affected by the railroad, is it an injury to the farm or not?" The distinction is obvious, yet it is claimed that the question here asked was identical with the former and more unobjectionable than the latter.

A party cannot complain of insufficiency in an answer to an immaterial point, or to one not properly raised by the evidence. No injury could occur under such circumstances. Williams v. Williams, 34 Pa. 312.   See also Rogers v. Hall, 4 Watts, 359; Burd v. M'Gregor, 2 Grant Cas. 353.

The rule as to general and special advantages has been frequently laid down by this court—the jury are "to balance the advantages that are special against the disadvantages that are actual." Hornstein v. Atlantic & G. W. R. Co. 51 Pa. 87.

OPINION BY MR. JUSTICE GREEN:

We think the witness, Crumrine, testified to a sufficient acquaintance with the land in question to entitle him to express an opinion in regard to its value and the injury inflicted by a railroad running through it.   He was himself a farmer.   He had visited and examined this farm within a year before the trial with a view to buying it, and he had a general knowledge of the value of land in the county.   This brings him within the decisions as to his competency, leaving the effect or value of his testimony open to the consideration of the jury.

We think the question to McCombs should have been allowed and, therefore, sustain the second assignment, although if there was nothing else in the case, we would scarcely reverse on this ground alone.   The questions covered by the third and fourth assignments were of a very trifling character, tending rather to show feeling than any matter of importance, and in this view it was hardly error to permit them.

The fifth assignment is of more importance.   The question

propounded by the defendant's first point was a question of law, to be determined by the court; and the point should have been distinctly affirmed just as it stood. Instead of that, the court, without answering it as a question of law, in reality denied it by telling the jury that it was a question of fact, and that if they found the fact to be as assumed in the point, they should allow for it in estimating the value of the land. The fact in question was the discontinuance of a railroad station on the land of another person; which, of course, could not be an element in estimating the damage done to the plaintiff's land by the location of the defendant's road. This assignment is sustained.

Sixth assignment. We do not at all understand the answer to the defendant's second point to be a disaffirmance of the point. On the contrary, as we read the answer it was an affirmance of it. The idea of the point was that although other owners might enjoy the benefit of the same facilities as the plaintiff, from the proximity of the road, that circumstance did not diminish the special character of those facilities in the estimate the jury should place upon them in considering the advantages resulting from them to the plaintiff. The court said if there were any such facilities special to this property, and not common to the lands in the vicinity, "as, for instance, special facilities arising from proximity to the land of a railroad station," the jury should take that fact into consideration.

Now, special facilities, arising from proximity to the land, of a railroad station, are necessarily facilities also enjoyed by the neighboring owners as well as by the plaintiff. In one sense, therefore, they are common to all in the vicinity; yet the court said the advantage the plaintiff derived from such proximity was a matter to be considered by the jury in determining the comparative value of the land immediately before and after the location and construction of the road. In other words, the defendant obtained the benefit of whatever advantage accrued to the plaintiff from the proximity of the station, although the same advantage would necessarily be enjoyed by neighboring farmers.

We do not see how a simple affirmance of the point, which of course might have been made, would have been of any greater benefit to the defendant than the answer that was given.

We see no error in the answer to the plaintiff's second point covered by the seventh assignment.

Judgment reversed and *venire de novo* awarded.